O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ABDULZAHIR TURKMANI, | ) | NO. CV 07-318-E |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| JO ANNE B. BARNHART, COMMISSIONER | ) | **AND ORDER OF REMAND** |
| OF SOCIAL SECURITY ADMINISTRATION, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

Plaintiff filed a complaint on January 17, 2007, seeking review of the Commissioner's denial of benefits. The parties filed a consent to proceed before a United States Magistrate Judge on February 5, 2007. Plaintiff filed a motion for summary judgment on

1   June 1, 2007.  Defendant filed a motion for summary judgment on
2   July 2, 2007.  The Court has taken both motions under submission
3   without oral argument.  See L.R. 7-15; "Order," filed January 18,
4   2007.

6                **BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

8        Plaintiff, a former professor and military officer, asserts
9   disability based on, _inter alia_, alleged angina pain, leg pain and
10  depression (Administrative Record ("A.R.") 72, 81, 270, 312-17).  An
11  examining internist found Plaintiff significantly limited physically
12  (A.R. 286-93).  A treating psychiatrist found Plaintiff disabled
13  mentally (A.R. 272-84).  Nevertheless, the Administrative Law Judge
14  ("ALJ") concluded Plaintiff has no severe physical or mental
15  impairment (A.R. 22-27).  The Appeals Council denied review (A.R. 6-
16  8).

18                              **STANDARD OF REVIEW**

20       Under 42 U.S.C. section 405(g), this Court reviews the
21  Commissioner's decision to determine if: (1) the Commissioner's
22  findings are supported by substantial evidence; and (2) the
23  Commissioner used proper legal standards.  See Swanson v. Secretary,
24  763 F.2d 1061, 1064 (9th Cir. 1985).
25  ///
26  ///
27  ///
28  ///

                                    2

**DISCUSSION**

Social Security Ruling ("SSR") 85-28[1] governs the evaluation of whether an alleged impairment is "severe":

> An impairment or combination of impairments is found
> 'not severe' . . . when medical evidence establishes
> only a slight abnormality or a combination of slight
> abnormalities which would have no more than a minimal
> effect on an individual's ability to work . . . i.e.,
> the person's impairment(s) has no more than a minimal
> effect on his or her physical or mental ability(ies)
> to perform basic work activities . . .

> Great care should be exercised in applying the not
> severe impairment concept.  If an adjudicator is unable
> to determine clearly the effect of an impairment or
> combination of impairments on the individual's ability
> to do basic work activities, the sequential evaluation
> process should not end with the not severe evaluation
> step.

> If such a finding [of non-severity] is not clearly
> established by medical evidence, however, adjudication
> must continue through the sequential evaluation

---

[1]   Social Security rulings are binding on the Administration.  See Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

1        process.  SSR 85-28 at 22-23.

2

3    See also Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005) (error

4    to find impairment not severe when medical evidence is "ambiguous");

5    Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996) (the severity

6    concept is "a de minimis screening device to dispose of groundless

7    claims").

8

9        In the present case, the medical evidence does not "clearly

10    establish [ ]" the non-severity of either Plaintiff's alleged

11    physical impairments or Plaintiff's alleged mental impairments.  The

12    examining internist, consulted by the Administration, limited

13    Plaintiff to less than the full range of medium work.  The treating

14    psychiatrist opined Plaintiff is incapable of any work.  Although the

15    medical evidence of record is conflicting, the evidence plainly does

16    not "clearly establish [ ]" the non-severity of Plaintiff's alleged

17    impairments (See A.R. 128-307).

18

19        The respect ordinarily owed to treating physicians' opinions

20    buttresses this conclusion.  Treating physicians' opinions "must be

21    given substantial weight."  Embrey v. Bowen, 849 F.2d 418, 422 (9th

22    Cir. 1988); see Rodriquez v. Bowen, 876 F.2d 759, 762 (9th Cir. 1989)

23    ("the ALJ must give sufficient weight to the subjective aspects of a

24    doctor's opinion . . .  This is especially true when the opinion is

25    that of a treating physician") (citation omitted).  Even where the

26

27

28

treating physician's opinions are contradicted,[2] "if the ALJ wishes to disregard the opinion[s] of the treating physician he . . . must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987) (citation, quotations and brackets omitted); see Rodriquez v. Bowen, 876 F.2d at 762 ("The ALJ may disregard the treating physician's opinion, but only by setting forth specific, legitimate reasons for doing so, and this decision must itself be based on substantial evidence") (citation and quotations omitted); McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989) ("broad and vague" reasons for rejecting the treating physician's opinions do not suffice).

Section 404.1512(e) of 20 C.F.R. provides that the Administration "will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all of the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques." See Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996) ("If the ALJ thought he needed to know the basis of Dr. Hoeflich's opinions in order to evaluate them, he had a duty to conduct an appropriate inquiry, for example, by subpoenaing the physicians or submitting further questions to them.  He could also have continued the hearing to augment the record") (citations

---

[2]      Rejection of an uncontradicted opinion of a treating physician requires a statement of "clear and convincing" reasons. Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Gallant v. Heckler, 753 F.2d 1450, 1454 (9th Cir. 1984).

1    omitted); <u>see also</u> <u>Brown v. Heckler</u>, 713 F.2d 441, 443 (9th Cir.

2    1983) ("the ALJ has a special duty to fully and fairly develop the

3    record and to assure that the claimant's interests are considered").

4    In the present case, the ALJ commented that there "is little in the

5    way of . . . findings in [the treating physician's] brief treatment

6    records," and yet the ALJ rejected the physician's opinion without

7    attempting to recontact the physician (A.R. 25).  This was error.

8    <u>Id.</u>

9

10       When a court reverses an administrative determination, "the

11   proper course, except in rare circumstances, is to remand to the

12   agency for additional investigation or explanation."  <u>INS v. Ventura</u>,

13   537 U.S. 12, 16 (2002) (citations and quotations omitted).  Remand is

14   proper where, as here, additional administrative proceedings could

15   remedy the defects in the decision.  <u>McAllister v. Sullivan</u>, 888 F.2d

16   599, 603 (9th Cir. 1989); <u>see generally</u> <u>Kail v. Heckler</u>, 722 F.2d

17   1496, 1497 (9th Cir. 1984).

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28

1

**CONCLUSION**

2

3        For all of the foregoing reasons,[3] Plaintiff's and Defendant's

4    motions for summary judgment are denied and this matter is remanded

5    for further administrative action consistent with this Opinion.

6

7        LET JUDGMENT BE ENTERED ACCORDINGLY.

8

9            DATED:   July 5, 2007.

10

11                        _____/S/_____
                                     CHARLES F. EICK
12                        UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26    _____

27        [3]    The Court has not reached any other issue raised by
      Plaintiff except insofar as to determine that Plaintiff's arguments
28    in favor of reversal rather than remand are unpersuasive.